UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO CORREA ARIAS,<br><br>Petitioner,<br><br>v.<br><br>ERNESTO SANTACRUZ, JR., et al.,<br><br>Respondents. | Case No. 2:26-cv-01116-SSS-BFM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Alberto Correa Arias's Petition for Writ of Habeas Corpus. (ECF 1.) Respondents filed their Answer to the Petition. (ECF 6.) For the following reasons, the Court grants the Petition.

Petitioner is a Mexican foreign national who has been in immigration detention since September 29, 2025. (ECF 1 ¶ 18.) Petitioner is currently detained at the California City Correctional Facility in California City, California,[1] is in removal proceedings, and was denied the opportunity to have a bond hearing and be released on bond. (ECF 1 ¶¶ 12, 18.)

---

[1] The Court notes that Petitioner is detained at a facility located in California City, California, which is Kern County. (ECF 1 ¶ 5.) Kern County falls in the Eastern District of California. 28 U.S.C. § 84(d). Respondents do not request that the Petition be transferred or otherwise challenge venue. (ECF 6.) The

On February 3, 2026, Petitioner filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from immigration detention, or alternatively, a bond hearing under 8 U.S.C. § 1226(a) within seven days. (ECF 1 at 7.) Petitioner alleges that his continued detention violates the Immigration and Nationality Act. (ECF 1 ¶¶ 6-7.)

Respondents concede that Petitioner appears to be a member of the Bond Eligible Class certified by this Court in *Maldonado Bautista* and that Petitioner's claims regarding entitlement to a bond hearing are subject to the *Maldonado Bautista* judgment. (ECF 6 at 2.)

The troubling circumstances surrounding the refusal by executive agencies to provide those in the Bond Eligible Class with bond hearings are familiar to this Court. Indeed, this Court has already found DHS's policy of denying bond hearings to individuals like Petitioner contrary to the INA. *See Maldonado Bautista v. Santacruz*, No. 5:25-CV01873-SSS-BFM, 2025 WL 3713987, at *8-*22 (C.D. Cal. Dec. 18, 2025); *see also Huerta Estrada et al. v.*

---

failure to challenge venue for a § 2241 petition results in a forfeiture of the issue. *See Smith v. Idaho*, 392 F.3d 350, 355-56 n.4, n.6 (9th Cir. 2004) (agreeing with sister courts that respondents may waive shortcomings in venue, jurisdiction, or naming of the proper respondent; highlighting the importance of prompt resolution of prisoners' claims and avoidance of waste of judicial resources in resolving habeas petitions); *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) ("Defendants are entitled to waive any shortcomings in venue or jurisdiction over the person; these issues also may be forfeited by failure to present them at the proper time."); *Rumsfeld v. Padilla*, 542 U.S. 426, 452 (2004) (Kennedy, J., concurring) ("Because the [habeas] immediate-custodian and territorial-jurisdiction rules are like personal-jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the Government."). Respondent's failure to challenge venue or request transfer of the Petition—paired with its concession that Petitioner is entitled to relief—lead the Court to conclude that a transfer of venue would not be in the interests of justice, which the Court finds to require a prompt bond hearing, and thus adjudicates the Petition regardless of any potential venue question that could have been raised.

*Noem et al.*, No. 5:25-CV-03271-SSS-BFM, 2025 WL 3691473, at *3–4 (C.D. Cal. Dec. 10, 2025) (granting petitioner's TRO based upon DHS withholding protections that petitioners "would have otherwise been afforded under § 1226(a)."); *Salgado Valenzuela v. Semaia*, 5:25-cv-02853-SSS-RAO (C.D. Cal. Nov. 25, 2025) (granting a petitioner's TRO on the same issue).

As Respondents concede that Petitioner is a class member entitled to a bond hearing under the reasoning of *Maldonado Bautista*, the Court **grants** the petition for the reasons stated in the orders in that case. *See Maldonado Bautista*, 2025 WL 3713987, at *8-*22.

Accordingly, it is ORDERED THAT:

(1) The Petition for a Writ of Habeas Corpus (ECF 1) is granted as to Petitioner's Count One regarding violation of 8 U.S.C. § 1226(a);

(2) Respondents are enjoined from continuing to detain Petitioner unless he is provided with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order.[2]

DATED: February 18, 2026

_____
HONORABLE SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE

---

[2] It is well-established in the Ninth Circuit that the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022). Therefore, the Court requires that the Immigration Judge properly place the burden of proof on Respondents.

3